OCTOBER 11, 1803.

# William Chambers *v.* Charles Querey.

*Upon a writ of error to reverse a judgment of the Court of Quarter Sessions of Jefferson county.*

1. A bail bond signed by the obligors is sufficient, although their names are not recited in the condition.

2. Since the act of 1779 the court may render judgment for the interest on a single bill without the intervention of a jury.

As to the variance between the writ and declaration, the case of *Reading* against *Hickman* in this court, is a sufficient answer; that case has been re-examined, and the principles of it approved.

The next objection urged by the plaintiff's counsel is, that the bail bond is illegal, the name of the defendant not being recited in any part of the condition thereof.

This objection is not well founded, because the condition does express in whose name the *capias* issued, and against whom, and

even were the names of the defendant in the court below and his bail entirely omitted, yet, as the bond is signed by them, and states, in the *téneri*, that *we* are held and firmly bound, etc., the word *we* must be applied to those persons who have subscribed their names to the bond, and is therefore sufficient. As to giving interest on a single bill, not under seal, as expressed in the error assigned, without the intervention of a jury, and for continuing the interest until payment; this is fully authorized by the act entitled "an act for prescribing the mode of calculating interest in certain cases, and for other purposes," approved December 13, 1779; and the note upon which this suit is founded, having been given since the passage, must be governed by the provisions of that act. Therefore, it is considered by the court, that the judgment aforesaid be affirmed, that the defendant may proceed to have the benefit of the same in the court below, and recover of the plaintiff ten per centum damages on the amount thereof, together with his costs by him about his suit in this behalf expended, which is ordered to be certified to the Jefferson circuit court.

Same *against* Same.

Affirmed, etc., for the same reasons.